MINNIE M. SMITH, Plaintiff in Error, *vs.* CORA B. SMITH, Defendant in Error.

*Opinion filed April 20, 1916.*

TRUSTS—*when a life estate will not be impressed with a trust for support of husband.* Where a husband conveys a life estate in a farm to his wife in settlement of a divorce proceeding, the wife agreeing to live with him on condition that he will abandon the drinking of intoxicating liquor, the estate will not be impressed with a trust for the support of the husband, where the deed, given for natural love and affection, the settlement of the divorce suit and one dollar, contained no reservation of any right or interest in the grantor or any stipulation for his support and where the husband resumed his drinking habit.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding.

FLACK & LAWYER, for plaintiff in error.

C. G. GUMBART, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of McDonough county dismissed for want of equity the bill filed by the plaintiff in error, Minnie M. Smith, conservator of George D. Smith, against the defendant in error, Cora B. Smith, for the purpose of impressing a trust for the support of George D. Smith upon a life estate in 137 acres of land to which his wife, Cora B. Smith, held the legal title. The record has been brought to this court as a return to a writ of error.

The land in question is a farm in which a life estate was devised to George D. Smith by his father. It was rented and was not occupied by George D. Smith, who lived with his wife, Cora B. Smith, the defendant, and their son, James Henry Smith, in Bushnell. At the January term, 1902, of the circuit court of McDonough county the de-

fendant, Cora B. Smith, filed a bill for divorce against her husband, George D. Smith, charging him with habitual drunkenness. He answered the bill, denying the charge and filed a cross-bill charging her with habitual drunkenness. They agreed upon a settlement of the divorce suit, and for that purpose, on January 31, 1902, George D. Smith executed a quit-claim deed for the farm to the defendant, Cora B. Smith. The consideration expressed in the deed was natural love and affection, the settlement of the divorce suit and one dollar, and the deed contained no reservation of any right or interest in the grantor or any stipulation for his support. The boy, James Henry Smith, was then about three years old, and after the deed was made the parties to it resumed their marital relations and lived together for about twelve years, although they separated a good many times for brief periods. George D. Smith had been a drunkard and had wasted and dissipated a large part of the income from the farm, and the defendant, his wife, had worked for others for the support of the family and has continued to do outside work ever since. She collected the rent of the farm, and when her husband was not drinking she gave him a home and shared with him the income by providing for him as a member of the family. Finally his drinking habits became such that she refused to harbor him any longer or to provide for him and turned him out. His sister, Minnie M. Smith, the complainant, was appointed by the county court as his conservator for the reason that he was a drunkard and spendthrift, and she filed the bill on September 11, 1914. The bill alleged that the deed was made in pursuance of an agreement that the defendant, Cora B. Smith, would support her husband, George D. Smith, from the income of the farm during his lifetime; that after the execution of the deed the parties resumed their marital relations and for some time thereafter she performed the contract, but that for the past three years she had refused to contribute anything for his support. The

bill prayed that the defendant be required to pay the complainant a just and equitable part of the income from the premises for the support of George D. Smith, and that she be declared to hold the premises in trust for the use of her husband and herself and their child. The defendant by her answer alleged that the agreement was that George D. Smith should quit-claim the premises to her so that she and her son would be protected against his drunken habits; that she agreed to live with him if he would quit drinking liquor; that she had refused to contribute anything for his support during the past three years; that the income from the farm was not sufficient to maintain her and her son and her husband and that it was necessary for her to work, and she did work to support herself and son. The issue of fact made by the pleadings related to the nature of the agreement under which the deed was made, and that issue was referred to the master in chancery. The master took the evidence and reported that the agreement was that the income derived from the premises should be used for the support of the defendant and her husband and their son and that the usual income from the farm was from $800 to $1000 per year. He recommended a decree in accordance with the prayer of the bill. The chancellor sustained exceptions to the findings of the master concerning the contract and dismissed the bill.

The dispute between the parties was whether there was an unconditional agreement for the support of George D. Smith. He testified that the deed was made to settle the divorce suit; that the defendant wanted the title so that she could control the property and agreed that the income should be applied to the support of both of them and their child; that they lived together, after the settlement, for practically twelve years, although they separated a good many times during that period; that during the twelve years he had his living out of the proceeds of the farm and his clothes and once in a while some money, and that his

health was not very good, but he worked at his trade as a
painter all the time that he felt like working. Three other
witnesses testified to having heard the defendant say that it
was part of the consideration for the deed that she should
give her husband a home, but one of them said that his
drinking habits were talked over in the conversation, and
the defendant might have said that she would not go back
with him unless he quit drinking. The other witnesses said
that her statement was that she had agreed to give her
husband a home but on account of his conduct she was not
going to do it. On the other hand, the defendant and her
solicitor who drafted the deed testified that the defendant
agreed to live with her husband if he would put the place
in her name and never drink any more. She said that her
proposition to her husband was that if he would put the
property in her name and quit drinking she would live with
him, and he said he would do that; that he was sober for
two years after the settlement, and she gave him a home
and continued to give him a home as long as he was sober.
The solicitor testified that when the parties came to his
office he asked them what they had agreed upon; that the
defendant said, "Well, George has agreed to deed the place
over to me for the support of me and the boy, and it is
to be ours, and he and I agree to live together provided he
quits his drinking;" that he turned to George and asked
him if that was correct, and he replied, "Yes;" that he said
to George that it was the wise thing to do and that if he
would quit drinking they would be able to get along nicely.

The master in chancery had the advantage of hearing
the witnesses testify, but we think that the chancellor was
clearly right in the conclusion that the agreement was con-
ditioned upon George D. Smith abandoning his drinking
habits. Naturally the defendant, who had been supporting
herself and her boy by her work, would make it a condi-
tion that the cause of the existing trouble should be ended,
and if there had been any unconditional agreement for the

support of the husband it is strange that it was not inserted in the deed. The evidence as to the negotiation between the parties and their agreement consisted of the testimony of George D. Smith on one hand and the defendant and her solicitor on the other. The complainant had the burden of proof, and the circumstances, as well as the apparent weight of the testimony, were against her.

We think the chancellor was right, and the decree is affirmed.

*Decree affirmed.*